# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NovaStar Mortgage, Inc.** | Case No. 1:07-cv-1511 |
| **Plaintiff,** | Judge Christopher A. Boyko |
| vs. | **JUDGMENT ENTRY AND DECREE IN FORECLOSURE** |
| **Leslie Young, et al.** | |
| **Defendants.** | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Cleveland Heights, County of Cuyahoga and State of Ohio:

And known as being part of Original Euclid Township Lot No. Twelve (12), Tract 8 and bounded and described as follows:

The beginning point is on the Southwesterly line of Dresden Road, distant South 47 deg. 49' 30" East along said Southwesterly line, it being along a line which is parallel with and distant Southwesterly at right angles 30 feet from the line described in Course 4 in a deed from George and Helen Knehnhold to Caroline Krause recorded in Volume 516 of Maps, page 569 of Cuyahoga County Deed Records and its Southeasterly prolongation, 85 feet from the Southeasterly corner of Sublot 105 in Brunswick Park Allotment, conveyed to Charles E. Cole by Adolph B. Schram by deed recorded in Volume 1480, page 534 of County Deed Records.

Course 1:
Thence South 47 deg. 49' 30" East along the Southwesterly line of Dresden Road, it being along said line which is parallel with and distant Southwesterly at right angles, 30 feet from the Southeasterly prolongation of said line described in Course 4 of said deed to Caroline Krause, 40 feet.

Course 2:
Thence South 49 deg. 00' 09" West, 164 20/100 feet.

E42

Course 3:
Thence North 42 deg. 13' 00" West, 40 feet.

Course 4:
Thence North 49 deg. 06' 10" East 160 41/100 feet to a point of beginning and being further known as Sublot No. 179 in Brunswick Park Resubdivision No. 1, proposed, of part of Original Euclid Township Lot No. 12, Tract No. 8.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Leslie Young and Credit Accept Assignee aka Credit Acceptance Corporation have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Leslie Young executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Leslie Young executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of

$115,522.42 plus interest on the principal amount at the rate of 10.9% per annum from January 1, 2007. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Leslie Young.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio

Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: August 13, 2007

                                        s/Christopher A. Boyko
                                        Judge Christopher A. Boyko
                                        UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff